UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YANCARLOS CARTAYA BENITEZ, | Case No. 2:26-cv-00410-ART-BNW |
| Plaintiff, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7) |
| v. | |
| JOHN MATOS, NSDC Warden; MICHAEL BERNACKE, Field Director, West Valley City Office of ICE ERO; TODD LYONS, ICE Acting Director; KRISTI NOEM, DHS Secretary, PAM BONDI, U.S. Attorney General, | |
| Defendants. | |

Yancarlos Cartaya Benitez is a Cuban citizen and an asylum seeker in the United States. (ECF No. 7.) He has an order of removal that has been stayed pending appeal since 2020. (*Id.* at 5.) Immigrations and Customs Enforcement detained Mr. Cartaya in August 2025, where he has remained pending the government's actions on his Ninth Circuit appeal. (*Id.* at 6.) Before the Court is Mr. Cartaya's petition for writ of habeas corpus, alleging that his ongoing detention is in violation of the Constitution. (*Id.*)

## I.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of

1

habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II.    Jurisdiction

The Court has jurisdiction over Mr. Cartaya's case under 28 U.S.C. § 2441. Respondents argue that the Court lacks jurisdiction over Petitioner's habeas claims because of the jurisdiction-stripping provisions of 8 U.S.C. §§ 1252(g) and 1252(b)(9). But neither of those rules deprive district courts of jurisdiction to hear challenges to confinement, as distinct from challenges to removal and actions taken in furtherance of a removal proceeding.

First, the Supreme Court has limited the reach of § 1252(g). That section deprives courts of jurisdiction to review "any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3] execute removal orders against any alien under this chapter." The Supreme Court has named these factors the "three discrete events along the road to deportation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). Petitioner challenges the lawfulness of his detention only, and detention is not one of the three events. A request for a bond hearing is "independent of, and collateral to, the removal process." *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d Cir. 2025).

Second, the Supreme Court has rejected Respondents' argument that Section 1252(b)(9) is a jurisdictional bar to district court review of immigration detention. That section provides that "judicial review of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States" is only proper

before the appropriate federal court of appeals in the form of a petition for review of a final removal order. Id. The Supreme Court has squarely held that Section 1252(b)(9) does not deprive federal courts of jurisdiction to decide whether certain statutory provisions require detention without a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). Once again, "claims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Gonzalez v. U.S. Immig. and Cust. Enf't*, 975 F.3d 788, 810 (9th Cir. 2020); *see Nielsen v. Preap*, 586 U.S. 392, 402 (2019).

### III. Analysis

#### a. **Mr. Cartaya is Not Subject to Mandatory Detention Under Section 1231(a)**

Respondents argue that Mr. Cartaya is subject to mandatory detention under 8 U.S.C. § 1231(a) of the Immigration and Nationality Act ("INA") because he is subject to an administrative final order of removal.

Section 1231 provides that when an individual is subject to a final order of removal, there is a 90-day "removal period" within which the individual must be detained. 8 U.S.C. § 1231(a)(1) and (2).

That removal period begins "on the latest of the following:"

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).

There are three potential paths upon the conclusion of the 90-day period: the government may release the individual subject to supervised release, § 1231(a)(3), extend the period "if the alien fails or refuses to make timely application in good faith for travel or other documents . . . or conspires or acts to

prevent the alien's removal subject to an order of removal," § 1231(a)(1)(C), or further detain individuals found inadmissible under section 1182, § 1231(a)(6).

The Government claims that because Mr. Cartaya is subject to removal order, these provisions apply, despite his removal order being stayed. It does not argue that any of the extending factors listed above apply to Mr. Cartaya. It argues that because Mr. Cartaya is subject to a final order of removal that is stayed, the beginning of the removal period is tolled, which somehow makes detention lawful.

The Ninth Circuit has squarely rejected this argument, explaining that an immigrant in Mr. Cartaya's situation is not subject to detention under § 1231:"1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). Therefore, Mr. Cartaya is not subject to mandatory detention under Section 1231.

Because the Government does not argue that Petitioner is detained under any other statutory authority, the Court grants Petitioner's writ and orders his immediate release.

**IV.   Conclusion**

It is therefore ordered that Petitioner's writ of habeas corpus (ECF No. 7) is GRANTED.

It is further ordered that Respondents shall IMMEDIATELY RELEASE Petitioner from detention ON HIS OWN RECOGNIZANCE, and in any event no later than 5:00 p.m. TODAY April 3, 2026.

It is further ordered that Respondents will provide a status report as to Petitioner's release within three days of this Order.

//

//

//

Dated this 3rd day of April, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE